**Frederick C. HARMS, Plaintiff–Appellant,**

v.

**Jim JEFFRIES, Power County Sheriff; Power County, a political subdivision of the State of Idaho, Defendants–Appellees.**

No. 13–35260.

United States Court of Appeals, Ninth Circuit.

Submitted June 6, 2014.\*

Filed June 10, 2014.

Bron Rammell, Peter Max Wells, Esquire, May, Rammell & Thompson, Chtd., Pocatello, ID, for Plaintiff–Appellant.

Michael John Kane, Michael Kane & Associates, PLLC, Boise, ID, for Defendants–Appellees.

Before: McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN, Senior District Judge.\*\*

MEMORANDUM \*\*\*

1. The district court correctly determined that Frederick Harms did not have

an express or implied employment contract with Power County. The Power County Personnel Manual, adopted by reference in Power County Ordinance § 1–6–2, does not create a contractual entitlement to continued employment. The second page of the manual conspicuously states that it "is not a contract," and Harms signed an acknowledgment form indicating he understood that the manual was not an employment contract. Taken together, the disclaimer and the acknowledgment foreclose any argument that the manual created an express or implied employment contract between Harms and Power County. *See Parker v. Boise Telco Fed. Credit Union,* 129 Idaho 248, 923 P.2d 493, 500 (1996).

By signing the acknowledgment, Harms expressly agreed that he was an at-will employee. This agreement supersedes any verbal assurances Harms received when he was hired. *See Bollinger v. Fall River Rural Elec. Coop.,* 152 Idaho 632, 272 P.3d 1263, 1269–70 & n. 3 (2012). The handbook's discussion of cause and procedural requirements for terminating employees did not alter the at-will nature of Harms' employment, particularly given that the county retained the unilateral right to alter the manual's terms at any time. *See Thompson v. City of Idaho Falls,* 126 Idaho 587, 887 P.2d 1094, 1098–99 (1994). Under those circumstances, no reasonable person could conclude that the county intended to limit its ability to discharge Harms. *See Bollinger,* 272 P.3d at 1269.

2. The district court correctly determined that Harms did not have a property interest in his continued employment, and therefore could not maintain a due process challenge to his termination. Under Idaho law, "[i]n order for an employee to have a property interest in continued employment, the employee must be more than an employee at-will." *Thompson,* 887 P.2d at 1100; *see also Cleveland Bd. of Ed. v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). As discussed above, Harms was an at-will employee.

**AFFIRMED.**